AO 91 (Rev. 11/11) Criminal Complaint (modified by USAO for telephone or other reliable electronic means)

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br>Jonnelle Samuel RUSHTON<br><br>*Defendant(s)* | ) ) ) ) ) ) ) Case No. 2:22-mj-171 |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 11, 2022__ in the county of __Franklin__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(g)(1) | Knowingly Possess a Firearm by a Convicted Felon |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT, INCORPORATED HEREIN BY REFERENCE.

☑ Continued on the attached sheet.

_____
Complainant's signature

Matthew Behnfeldt, ATF SA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3/11/2022

_____
Judge's signature

City and state: Columbus Ohio

US Magistrate Judge Chelsey M. Vascura
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION FOR AN ARREST WARRANT FOR JONNELLE RUSHTON | Case No. 2:22-mj-171<br><br>**Filed Under Seal** |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT

1. I, Matthew Behnfeldt, being first duly sworn, hereby depose and state as follows:

### I. INTRODUCTION AND AGENT BACKGROUND

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearm and Explosives ("ATF"), and have been since November of 2016. I am currently assigned to the Columbus, Ohio Field Office as a member of the Crime Gun Enforcement Team ("CGET") Task Force. As part of my duties as an ATF Special Agent, I investigate criminal violations relating to federal firearms offenses, including the unlawful possession of firearms and ammunition by individuals who have been convicted in any court, of a crime punishable by imprisonment for a term exceeding one year. I have participated in numerous investigations of criminal violations relating to illegal firearms possession, firearms trafficking and shooting investigations. I have also participated in the execution of numerous federal arrest warrants.

3. Pursuant to 18 U.S.C. § 3051, I am empowered to enforce criminal laws of the United States. As result of my training and experience, I am familiar with federal laws including 18 U.S.C. § 922(g)(1), which states: "It shall be unlawful for any person who . . . has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

1

4. I know based on my training and experience that individuals who possess the above-described items (i.e., firearms, ammunition, and other items commonly used or acquired in connection with the possession of firearms and ammunition), as felons or otherwise, often store those items—including firearms and ammunition—in their homes or cars, so that the firearms and ammunition are easily accessible. I also know that firearms are durable and non-perishable goods, which can be expected to remain in the individual's possession for extended periods of time.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

6. Based on the above, and on the additional facts set forth in this affidavit, there is probable cause to believe that on or about March 11, 2022, **JONNELLE RUSHTON**, a convicted felon, did knowingly and intentionally possess a firearm which traveled in and affected interstate commerce, in violation 18 U.S.C. § 922(g)(1).

## II. PROBABLE CAUSE

7. In or around February 2022, investigators with the ATF CGET Task Force became aware of **RUSHTON**, by a National Integrated Ballistic Information Network ("NIBN") analysis as to matching shell casings from two shootings, as detailed further below. Your affiant initiated a query of the National Crime Information Center ("NCIC") and the Franklin County Common Pleas Clerk of Court website regarding **RUSHTON**. This query revealed that on or about October 25, 2012, **RUSHTON** pled guilty to Burglary, a felony of the 3rd degree, in the Franklin County Court of Common Pleas. Furthermore, the query revealed that on or about November 21, 2012,

2

**RUSHTON** was sentenced to thirty (30) months of incarceration under Intensive Gang Violence Prevention Supervision through the Franklin County Department of Community Control.

### A. NIBIN Lead

8. Your affiant has reviewed a NIBN lead related to **RUSHTON** that was provided by the ATF National Correlation Center.[1] After a review of this lead, your affiant found that two shooting incidents were linked by recovered 9-millimeter shell casings, which casings are believed to have been fired by the same 9-millimeter pistol. Your affiant has been notified by the ATF NIBIN Mobile Unit that this pistol has not yet been recovered by the ATF or the Columbus Police Department ("CPD"). As explained below, these incidents occurred on or about December 12, 2021, and on or about January 30, 2022. All of the above occurred in the city of Columbus, Ohio.

9. By way of summary regarding the first incident that occurred on or December 12, 2021, CPD Officers were dispatched to 1717 Sandalwood Place, Columbus, Ohio 43229 for a gunshot-fired call. Upon arrival, CPD Officers located (1) spent 9-millimeter shell casing bearing the initials "FC" on the headstamp, as depicted below. No firearm was recovered.



**NIBIN Image of Shell Casing Collected by CPD on or about December 12, 2021**

---

[1] Your affiant knows that the Columbus Police Department and ATF CGET Task Force routinely enter expended shell casings, located and collected from shooting scenes, into the NIBN database. Additionally, your affiant knows that the Columbus Police Department and ATF CGET Task Force also enter the test fires of recovered firearms into NIBIN. NIBIN uses ballistic imaging technology to link these cartridges to a specific firearm.

3

10. The second incident occurred on or about January 30, 2022. In summary, CPD officers were dispatched to 2283 Blackoak Ave., Columbus, Ohio 43229 for a domestic violence call involving a pistol. Upon arrival, officers became aware that **RUSHTON** was engaged in a domestic dispute, during which **RUSHTON** pushed the victim/witness down the stairs of the home. Based upon the investigation, officers came to understand that **RUSHTON** could be heard telling his children, "Haha your mommy's dead." The officers further understood that **RUSHTON** then exited the home, aimed a firearm at the victim/witness' vehicle and fired two (2) rounds before driving away in a white Buick Century. It is reported that CPD Officers located two (2) spent 9-millimeter shell casings bearing the initials "FC" on the headstamp, as depicted below. Based upon NIBN analysis of the above-described shell casings, the investigation has indicated a strong likelihood that the same firearm discharged the shots related to the incident on December 12, 2021, and January 30, 2022.



**NIBIN Image of Shell Casing Collected by CPD on or about January 30, 2022**

11. Your affiant has reviewed photographs of these spent shell casings and, based on your affiant's training and experience, your affiant recognizes the headstamps to match the characteristics of ammunition manufactured by Federal Ammunition. Additionally, your affiant has learned from an ATF Agent trained to determine the interstate nexus of firearms and ammunition that Federal Ammunition is not manufactured in Ohio.

4

## B. State Search Warrant

12. Investigators sought to obtain additional information with regard to **RUSHTON's** whereabouts, as well as additional information that might aid in the ongoing investigation regarding **RUSHTON**. A query of the Columbus Police Department's Premier One database indicated that the listed phone number for **RUSHTON** was (614) 500-1898, which corresponds to the **SUBJECT DEVICE**. Additionally, investigators conducted a query of the listed phone number utilizing the open-source database Transunion TLOxp. The results found that the **SUBJECT DEVICE** utilizes Aerial Communications Inc. (T-Mobile) as its service provider and named **RUSHTON** as the above-described **SUBJECT DEVICE** cellular telephone number's current subscriber. On or about February 18, 2022, the Franklin County Court of Common Pleas issued a state search warrant for Call Detail Records ("CDR"), subscriber information, and GPS/E-911 precision location information, as well as information related to a pen register for the **SUBJECT DEVICE**, with an assigned call number of (614) 500-1898.

13. Based upon the warrant returns related to the above-described warrant, investigators have since conducted a review of the Historical Call Detail Records, which included cell site location data related to the **SUBJECT DEVICE**. Investigators found that, from on or about January 28, 2022, through on or about February 18, 2022, 206 of 487 Call Detail Records utilized a cell cite and cell site sector located approximately .4 miles away from the **SUBJECT PREMISES**, as depicted below. Your affiant knows from training and experience that such data is indicative of **RUSHTON** having a close affiliation with the **SUBJECT PREMISES**, likely as **RUSHTON's** home.

5



14. Additionally, your affiant has found that on or about January 30, 2022, at approximately 6:18 p.m., approximately 4 minutes following the above-mentioned domestic violence call at 2283 Blackoak Ave., the **SUBJECT DEVICE** received an incoming telephone call. It has been determined that the utilized cell site and cell site sector for this call detail record is approximately .4 miles away from the **SUBJECT PREMISES**, as depicted below. The investigation has shown that the **SUBJECT PREMISES** and 2283 Blackoak Ave. are approximately two miles away from each other, which is an approximately six-minute car ride.



C. **Surveillance/Trash Pull**

15.     On or about February 21, 2022, CGET Task Force Officer ("TFO") Jeffrey Kasza conducted a License Plate Reader ("LPR") query of Ohio License Plate "HWW 8788," a white Buick Century owned and operated by **RUSHTON**. It was found that the above-listed license plate was captured by LPR technology in the general area of the **SUBJECT PREMISES**. On this same date, TFO Kasza initiated surveillance of the area located near the aforementioned address and at approximately 12:55 p.m., located **RUSHTON's** vehicle parked in front of the **SUBJECT PREMISES**, in the Wellington Square Apartments.

16.     At approximately 1:06 p.m. on or about February 21, 2022, TFO Kasza observed **RUSHTON** exit the **SUBJECT PREMISES** and place multiple items in a trash receptacle located in front of the apartment. Furthermore, **RUSHTON** was observed entering the driver's-side compartment of the white Buick Century and traveling to the business located at 5193 Sinclair Rd., Columbus, Ohio 43229. TFO Kasza eventually observed **RUSHTON** enter the business and surveillance was terminated shortly thereafter.

7

17. On or about February 28, 2022, your affiant conducted surveillance with the aid of the above-mentioned GPS/E-911 data. At approximately 7:45 a.m. on or about the above-noted date, GPS/E-911 data placed **RUSHTON's** cellular device in the approximate area of 5690 Ironwood Court. At this time, your affiant relocated to 5690 Ironwood Court and observed **RUSHTON's** vehicle parked near the entrance of the **SUBJECT PREMISES**. At approximately 10:47 a.m., your affiant observed an unidentified female exit the residence and place several items of waste into the trash receptacle located immediately adjacent to the door of the **SUBJECT PREMISES**. At approximately 10:50 a.m., your affiant observed the unidentified female transport the trash receptacle from the entrance of the **SUBJECT PREMISES** to the publicly accessible street. Surveillance was terminated shortly thereafter.

18. On or about March 1, 2022, CGET investigators traveled to the **SUBJECT PREMISES** and successfully conducted a trash pull. The results of the operation located miscellaneous U.S. Mail in the name of **Jonnelle RUSHTON** (addressed to 2283 Blackoak Ave., Columbus, OH, the location of the domestic violence from January 30, 2022) and one (1) clear plastic baggie containing a small amount of suspected marijuana.

19. On or about March 2, 2022, CGET Investigators conducted surveillance with the aid of the above-described GPS/E-911 data. At approximately 7:15 a.m. on the above-noted date, GPS/E-911 data placed **RUSHTON's** cellular device in the approximate area of 5690 Ironwood Court. At this time, TFO Kasza relocated to 5690 Ironwood Court and observed **RUSHTON's** vehicle parked directly in front of the **SUBJECT PREMISES**.

20. At approximately 7:46 a.m. on the above-noted date, TFO Kasza witnessed **RUSHTON** exit the front door of **SUBJECT PREMISES** and enter the driver's-side

8

compartment of his white Buick Century bearing Ohio Tags "HWW 8788." Shortly thereafter, TFO Kasza observed **RUSHTON** exit the location in his vehicle.

21. At approximately 7:50 a.m. on the above-noted date, your affiant relocated to the business located at 5193 Sinclair Road, Columbus, Ohio based on information gained from prior surveillance operations. At approximately 7:56 a.m. on the above-noted date, your affiant witnessed **RUSHTON** arrive, exit his vehicle, and enter the business located at the aforementioned address.

22. At approximately 8:00 a.m. on the above-noted date, the above-described GPS/E-911 data placed **RUSHTON's** cellular device in the approximate area of 5193 Sinclair Road, thus confirming **RUSHTON's** possession of the cellular device.

D. **Execution of Federal Search Warrant**

23. On March 11, 2022, the ATF Columbus, Ohio Field Office executed a federal search warrant (2:22-MJ-159) at 5690 Ironwood Court, Apartment C, Columbus, Ohio 43229 in search of evidence relating to a violation of 18 U.S.C. §922(g)(1).

24. Upon execution of the warrant, investigators located and detained **RUSHTON**. Investigators learned that the residence was two (2) bedroom townhouse with a basement. A search yielded the following items: one (1) iPhone, with red case that answers to (614) 500-1898 (the **SUBJECT DEVICE**); one (1) Smith & Wesson, model SW9VE 9-millimeter pistol, bearing serial number PBY7333 and ammunition; one (1) black pistol holster; one (1) clear baggie of suspected marijuana; and a Franklin County Municipal Court Complaint naming **RUSHTON** as the defendant. It should be noted that the above-described pistol was located underneath a pillow of the bed in the master bedroom. Also located near the pistol, was the above-described cellular device, believed to be utilized by **RUSHTON** based on prior observations.

25. **RUSHTON** was detained and investigators notified him of his Miranda Rights. **RUSHTON** initially indicated that he wished to speak with his attorney present. However, on his own accord, **RUSHTON** soon thereafter verbalized a desire to speak with investigators about the investigation. Investigators informed **RUSHTON** that this was possible but advised that he take time to assess his decision. **RUSHTON** was then transported to the ATF Columbus, Ohio Field Office where he was placed into an interview room and had his restraints removed. **RUSHTON** again verbalized a desire to speak with investigators and was again notified of his Miranda Rights.

26. By way of summary, **RUSHTON** provided the following statements post Miranda. **RUSHTON** notified investigators that firearm seized from the home belonged to him. **RUSHTON** stated that he purchased the firearm, via private sale, approximately six (6) years ago. **RUSHTON** provided a detailed description of the firearm and notified investigators that he owned the firearm for self-defense. **RUSHTON** confirmed that he had previously been convicted of a felony and verbalized that he was aware that he was not permitted to possess firearms. Additionally, **RUSHTON** admitted that he fired the above-described firearm outside the residence of 2283 Blackoak Ave. but stated that it was prior to the incident reported on January 30, 2022 and was celebratory in nature.

27. Your affiant has learned from an ATF Agent trained to determine the interstate nexus of firearms and ammunition that the above-described pistol, seized from the home meets the definition of a firearm as defined in Title 18, United States Code (USC), Chapter 44, Section 921(a)(3). It has been determined that the firearm was not manufactured in the state of Ohio.

28. Based on the totality of the facts and circumstances described above, your affiant respectfully submits that probable cause exists that **RUSHTON**, a convicted felon, did knowingly and intentionally possess a firearm, said firearm having travelled in interstate commerce, in

10

violation of Title 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm in the Southern Judicial District of Ohio.

Respectfully submitted,

Matthew Behnfeldt, SA ATF

Sworn to via telephone on this \_\_11th\_day of March 2022
after submission by reliable electronic means.
Fed.R.Crim.P. 4.1 and 41(d)(3).

CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE